**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

QUAN LIN,

                    Petitioner,

    v.

CRAIG A. LOWE, et al.,

                    Respondents.

CIVIL ACTION NO. 3:26-CV-01453

(MEHALCHICK, J.)

**MEMORANDUM**

Petitioner, Quan Lin ("Lin") brings this petition for writ of habeas corpus. (Doc. 1). On May 28, 2026, Lin filed the instant petition, requesting that Craig A. Lowe, Brian McShane, Todd Lyons, and Todd Blanche[1] release him from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania or provide him with a bond hearing. (Doc. 1, at 7). The government filed a timely response to Lin's petition on June 8, 2026 (Doc. 8), and on June 11, 2026, Lin filed a traverse. (Doc. 9). For the following reasons, Lin's

---

[1] The proper respondent in this case is Craig A. Lowe ("Lowe"), Warden of the Pike County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Lin is detained at the Pike County Correctional Facility, Lowe is the proper respondent. (Doc. 1, at 1); *see Rumsfeld*, 542 U.S. at 434. As such, Brian McShane, Todd Lyons, and Todd Blanche are **DISMISSED**. However, the government will be bound by the Court's judgment because Lowe is acting as an agent of the federal government by detaining Lin on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

petition (Doc. 1) is **GRANTED**.[2]

I.    FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Lin's petition, the Lowe's response, and the exhibits thereto. (Doc. 1; Doc. 8). Lin is a citizen of the Peoples Republic of China, who entered the United States on or about September 10, 2023. (Doc. 8, at 1). United States Border Patrol subsequently encountered Lin and issued him a notice to appear. (Doc. 8, at 2). After entering the United States, Lin lived and worked in New York, where he has family. (Doc. 1, at 6). Lin submits that he regularly attended his ICE check-in appointments prior to his arrest. (Doc. 1, at 6).

On July 3, 2025, the Pennsylvania State Police arrested Lin and charged him with theft by deception—false impression and criminal conspiracy. (Doc. 8, at 2). On December 17, 2025, Lin pled guilty to both offenses, and the Northampton County Court of Common Pleas sentenced Lin to six to twenty-three months of confinement. (Doc. 8, at 2). On January 5, 2026, ICE transferred Lin to immigration detention pursuant to an immigration detainer and warrant. (Doc. 8, at 2). On April 3, 2026, an immigration judge ordered Lin removed to

---

[2] The Court notes that Lin also filed a motion for temporary restraining order on May 28, 2026, requesting that the Court order Lowe to not transfer or remove Lin, order ICE to provide notice before any transfer or removal, and order an expedited schedule for Lowe's response and a bond hearing if needed. (Doc. 2, at 1-2). To the extent that Lin requests the Court to stay his removal and provide notice of removal, the Court is stripped of jurisdiction to review orders of removal and the execution of orders of removal under section 1252(g) of the Immigration and Nationality Act ("INA"). 8 U.S.C. 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders"). Regarding Lin's request that the Court order no transfer and an expedited schedule, on June 1, 2026, in its order to show cause, the Court ordered Lowe to not transfer Lin during the pendency of the habeas action and set an expedited briefing schedule. (Doc. 5). Accordingly, Lin's motion for temporary restraining order (Doc. 2) is **DENIED in part for lack of jurisdiction** and **DENIED in part as moot**.

China. (Doc. 8, at 2). Lin timely appealed his removal order to the Board of Immigration Appeals ("BIA") on April 12, 2026, which remains pending. (Doc. 8, at 2). Lin is currently detained at the Pike County Correctional Facility. (Doc. 1, at 1). Lin has been in ICE custody for over five months. (Doc. 8, at 2).

## II.   LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing if it determines that a noncitizen habeas petitioner is entitled to one under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the Due Process Clause of the Fifth Amendment); *see also Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at

*2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections).

### III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States. . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the INA strips district courts of subject matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR").

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil*, 164 F.4th at 278-79 (finding that length of confinement without a bond hearing claim "does not get

4

channeled into the PFR review process"). Lin's petition is soundly before the Court because Lin filed the instant petition while detained within the jurisdiction of the Court, is still currently detained by ICE, and asserts that his continued detention violates due process. *See J. G. G.*, 604 U.S. at 672 (acknowledging that immigration-related detainees' claims "fall within the 'core' of the writ of habeas corpus") (quoting *Nance*, 597 U.S. at 167); *see also Kahlil,* 164 F.4th at 274-79.

## IV.    DISCUSSION

Lin contends that Lowe has violated his Fifth Amendment procedural due process rights by failing to provide a meaningful, individualized custody determination. (Doc. 1, at 6). Lowe counters that Lin's mandatory detention under 8 U.S.C. § 1226(c) is constitutional because it has not been prolonged or arbitrary. (Doc. 8, at 5). Lowe also avers that Lin's claim is a substantive, not procedural due process claim, and that Lin has no substantive due process right to a bond hearing. (Doc. 8, at 10-15).

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). While it is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Demore v. Kim*, 538 U.S. 510, 523 (2003). Detention of noncitizens pending their removal proceedings serves the purpose of preventing noncitizens from fleeing before or during the removal proceedings. *Demore*, 538 U.S. at 528. However, the Due Process Clause

limits detention without a bond hearing to a "reasonable period." *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208 (3d Cir. 2020). Therefore, due process affords detained noncitizens a bond hearing once the length of their detention becomes unreasonable. *Santos*, 965 F.3d at 211.

Section 1226(c) of the INA provides for the mandatory detention of, among others, noncitizens convicted of certain crimes during removal proceedings. 8 U.S.C. § 1226(c); *Jennings*, 583 U.S. at 305. Although 8 U.S.C. § 1226(c) provides for mandatory detention and the Supreme Court has determined that "[d]etention during removal proceedings is a constitutionally permissible part of" the removal process, prolonged detention raises due process concerns. *Demore*, 538 U.S. at 531; *Santos*, 965 F.3d at 210. Noncitizens detained under § 1226(c) have the basic due process right to an individualized bond determination once the length of their detention becomes unreasonable. *Santos*, 965 F.3d at 210-11. To determine whether a noncitizen's detention under § 1226(c) has become unreasonable, courts evaluate four factors established by the Third Circuit in *Santos*: (1) the length of the detention; (2) whether the detention is likely to continue; (3) the reasons for any delay that prolongs detention; and (4) whether the noncitizen's conditions of confinement are meaningfully different from criminal punishment. 965 F.3d at 211. The Court will evaluate each *Santos* factor to determine whether Lin's detention has become unreasonable.

A. LENGTH OF DETENTION

Lin submits that he has been detained for over ten months, since July 3, 2025. (Doc. 1, at 6). While Lin has been detained since July 3, 2025, according to DHS records, Lin has only been in civil immigration detention since January 5, 2026. (Doc. 8, at 2; Doc. 8-3). Lin

contends that his mandatory detention has reached an unreasonable length. (Doc. 1, at 6). Lowe counters that Lin's five months of immigration detention is directly tied to the adjudication of his removal proceedings, and further, that periods of mandatory detention longer than five months have been deemed constitutional. (Doc. 8, at 17-18).

The Third Circuit has identified the first *Santos* factor, duration of detention, as the "most important factor" in evaluating the reasonableness of a noncitizen's detention during removal proceedings. *Santos,* 965 F.3d at 211. While the Third Circuit has not adopted a presumption of reasonableness or unreasonableness for any duration of detention, the Third Circuit has found that detention becomes increasingly suspect after five months. *Santos,* 965 F.3d at 211 (citing *Demore,* 538 U.S. at 515; *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 234 (3d Cir. 2011)); *Michelin v. Warden Moshannon Valley Corr. Ctr.,* 169 F.4th 418, 433-34 (3d Cir. 2026) (citing *Chavez-Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469 (3d Cir. 2015)) (re-affirming that detention without opportunity for bond becomes unreasonable between six months and one year after it began).

Lin has been in ICE custody for over five months. (Doc. 8, at 15). As Lin's detention is at the Third Circuit's five-month tipping point, Lin's length of detention slightly favors a finding of unreasonableness. *See Santos,* 965 F.3d at 211; *see Michelin,* 169 F.4th at 433-34. Accordingly, the first *Santos* factor, duration of detention, weighs slightly in favor of unreasonable detention.

B. LIKELIHOOD OF CONTINUED DETENTION

Lin contends that without relief from the Court, his detention is likely to extend because ICE decided to continue his mandatory detention while his BIA appeal is pending. (Doc. 1, at 2, 5). Lin also avers that even if the BIA dismisses his appeal, his detention is likely

to continue because the government has not identified what travel document requests have been made, whether a removal flight is scheduled, or whether there is a removal timeline for Lin. (Doc. 9, at 6). The government counters that the only impediment to finalizing Lin's removal is the adjudication of his appeal before the BIA. (Doc. 8, at 20).

When a noncitizen's removal proceedings are unlikely to end soon, continued detention without a bond hearing weighs towards a finding of unreasonable detention. *Santos*, 965 F.3d at 211. Courts in the Third Circuit have found that an immigration detainee appealing his or her order of removal creates a likelihood of continued detention that favors granting habeas relief. *J.G.J. v. Sage*, No. 3:26-cv-706, 2026 WL 915576, at *10 (M.D. Pa. April 3, 2026) (citing *Joseph v. Warden*, No. 3:25-cv-02428, 2026 WL 497532, at *2 (M.D. Pa. Feb. 23, 2026)). Further, delays of an undefined duration continue to accrue during administrative proceedings that may be necessary following an appellate court decision. *Bah v. Doll*, No. 3:18-CV-1409, 2018 WL 6733959, at *8 (M.D. Pa. Oct. 16, 2018).

As a result of his appeal to the BIA, Lin's order of removal is not yet final, and he remains in pre-order of removal detention. 8 C.F.R. § 1241.1(c); *see J.G.J. v. Sage*, 2026 WL 915576, at *10. At this time, the undersigned cannot determine precisely how long Lin's removal proceedings will remain pending. However, as Lin appealed his order of removal on April 12, 2026, and the BIA has yet to set a briefing schedule for the appeal, it is unlikely that Lin's removal proceedings will be resolved in the near future. Automated Case Information, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/caseInformation (last visited June 15, 2026); *see Santos*, 965 F.3d at 212; *see also J.G.J. v. Sage*, 2026 WL 915576, at *10. Depending on the outcome of the BIA appeal, further petition for review to the Third Circuit could follow, which would further prolong the duration of Lin's removal proceedings.

*See Bah*, 2018 WL 6733959, at *8. As such, the second *Santos* factor weighs in favor of a finding of unreasonableness. *See Santos*, 965 F.3d at 212; *see Bah*, 2018 WL 6733959, at *8; *see also J.G.J. v. Sage*, 2026 WL 915576, at *10.

C. REASONS FOR DELAYS

While Lin does not address the reasons for the delays in his removal proceedings, Lowe contends that Lin's proceedings have moved forward at a normal rate for noncitizens who contest their removability. (Doc. 8, at 20). The government also avers that it has not intentionally delayed or unreasonably prolonged Lin's proceedings. (Doc. 8, at 20).

In evaluating the third *Santos* factor, courts look at the reasons for the delay, such as a detainee's request for continuances or bad-faith errors in the removal proceedings that caused unnecessary delay. *Santos*, 965 F.3d at 211. Courts should not hold a noncitizen's good-faith challenge to removal against him, even when his appeals or petitions for review have drawn out the proceedings. *Santos*, 965 F.3d at 211. Courts should also decline to hold legal errors against the government unless there is evidence of carelessness or bad faith. *Santos*, 965 F.3d at 211. Nevertheless, detention can still grow unreasonable in the absence of governmental bad faith. *Santos*, 965 F.3d at 211.

While Lin's removal proceedings have been ongoing for over five months, the government has not demonstrated carelessness or bad faith that would cause unnecessary delay. *See Santos*, 965 F.3d at 212 (citing *Diop*, 656 F.3d at 224-25) (finding unnecessary delay where an immigration judge repeatedly issued decisions that were so unclear that they required remands for clarification and the government was slow to produce evidence relevant to whether petitioner was properly detained). Likewise, Lin's appeal to the BIA should not be held against him in evaluating the reasons for delay. *See Santos*, 965 F.3d at 211.

9

Accordingly, the reasons for the delay of Lin's removal proceedings are a neutral factor in weighing whether Lin's detention is unreasonable.

D. CONDITIONS OF CONFINEMENT

Lin submits that his detention at the Pike County Correctional Facility has caused him to feel isolated and depressed because he is unable to see or contact his family. (Doc. 1, at 6). Lin contends that continued confinement is unnecessary because conditions of supervisory release, including required reporting, GPS monitoring, and any other reasonable conditions, can address any government concern with release. (Doc. 9, at 7). Lowe counters that the conditions of Lin's detention are not punitive because Lin is not confined to his cell for twenty-three hours a day. (Doc. 8, at 20).

To evaluate the conditions of confinement, courts examine whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Santos,* 965 F.3d at 211. If a noncitizen's civil detention under § 1226(c) looks penal, that shifts the scale towards finding the detention unreasonable. *Santos,* 965 F.3d at 211. When an immigration detainee is housed in a criminal facility among criminal detainees, their conditions do not meaningfully differ from criminal punishment. *Santos,* 965 F.3d at 212; *Lopez v. Warden, Pike Cnty. Corr. Facility,* No. 3:26-cv-673, 2026 WL 1147839, at *3 (M.D. Pa. April 28, 2026). The Pike County Correctional Facility is a county jail that houses criminal detainees alongside civil immigration detainees. *Santos,* 965 F.3d at 213; *Rahmatov v. Lowe,* No. 3:26-cv-553, 2026 WL 837974, at *3 (M.D. Pa. March 26, 2026); *Lopez,* 2026 WL 1147839, at *3.

The Court is not persuaded by Lowe's argument that Lin's detention is not penal because he is not confined to his cell for twenty-three hours a day. (Doc. 8, at 20). An

immigration detainee need not be subject to extreme punitive conditions, such as twenty-three hours of confinement a day, for their detention to be akin to criminal punishment. *Lopez*, 2026 WL 1147839, at *3. Lin is detained at the Pike County Correctional Facility alongside criminal detainees. (Doc. 1, at 1; Doc. 8, at 20). Accordingly, the Court finds Lin's conditions of confinement to be indistinguishable from criminal punishment, weighing in favor of unreasonable detention. *See Santos*, 965 F.3d at 213; *see Rahmatov*, 2026 WL 837974, at *3; *see Lopez*, 2026 WL 1147839, at *3. Taking the four *Santos* factors together, the length and conditions of Lin's detention weigh towards unreasonable detention in violation of the Due Process Clause of the Fifth Amendment. *See Santos*, 965 F.3d at 211; *see Michelin*, 169 F.4th at 433-35. Lin's petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

E.    REMEDY AND APPOINTMENT OF COUNSEL

Lin requests relief in the form of release from custody or, in the alternative, a bond hearing at which the government must prove, by clear and convincing evidence, that continued detention is necessary. (Doc. 1, at 7). The appropriate remedy is for the Court to appoint counsel and to provide Lin with a bond hearing at which the government bears the burden of proof to justify Lin's continued detention with clear and convincing evidence. *Santos*, 965 F.3d at 213. District courts may conduct bond hearings in habeas corpus cases brought by immigration detainees. *J.G.J.*, 2026 WL 915576, at *11 n.19 (collecting cases). District courts in the Third Circuit have exercised such authority to conduct bond hearings under habeas jurisdiction, particularly where there is a risk of further injury due to delay. *See Centeno-Martinez v. Jamison*, No. 25-3593, 2025 WL 3157711, at *3 (M.D. Pa. 2025) (citing *Leslie v. Holder*, 865 F. Supp. 2d 627, 634-35 (M.D. Pa. 2012); *Thaxter v. Sabol*, No. 14-02413, 2016 WL 3077351, at *3 (M.D. Pa. June 1, 2016).

11

While habeas petitioners do not have a constitutional right to counsel in habeas corpus proceedings, 18 U.S.C. § 3006A(a)(2)(B) provides district courts with discretion to appoint counsel to financially eligible habeas petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d); *see Leslie*, 865 F. Supp. 2d at 631. In exercising discretion to appoint counsel, district courts must "decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d, at 263-64. Factors courts consider in determining whether to appoint counsel include "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. *Reese*, 946 F.2d, at 263-64 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)).

Considering the risk of further injury with delays and continued detention, the Court will conduct Lin's individualized bond hearing. *See J.G.J.*, 2026 WL 915576, at *11 n.19 (collecting cases); *see Centeno-Martinez*, 2025 WL 3157711, at *3 (citing *Leslie*, 865 F. Supp. 2d at 634-35; *see also Thaxter*, 2016 WL 3077351, at *3. Given the complex legal and factual issues at play in immigration matters, both Lin and the Court will benefit from the Court appointing Lin counsel for the bond hearing. *See Leslie*, 865 F. Supp. 2d at 631. While the government bears the burden to show, by clear and convincing evidence, that Lin's continued detention is necessary, the assistance of counsel to rebut such a showing will aid the Court in making an appropriate bond determination. *Santos*, 965 F.3d at 213; *see Reese*, 946 F.2d, at 263-64. With Lin in ICE custody, appointed counsel will be better able to investigate facts, prepare a rebuttal, and present potential third-party custodians for Lin. *See Leslie*, 865 F. Supp. 2d at 631. In the interest of justice and to avoid the risk of further delay, the Federal Public

Defender's Office is conditionally appointed to represent Lin for his bond hearing before the Court. As Lin has not shown that he is financially unable to obtain counsel, the Court's appointment of the Federal Public Defender's Office to represent Lin is subject to review of a financial affidavit to be completed with the federal public defender. *See United States v. Stevenson*, 2012 WL 1038832, at \*2 (W.D. Pa. March 28, 2012) (quoting Guidelines for administering the CJA and related statutes, Chapter 2, § 210.40.30(b), https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes-4#a210_40 (last visited June 16, 2026)) ("[a]ny doubts as to a person's eligibility should be resolved in the person's favor . . . erroneous determinations of eligibility may be corrected at a later time.")

## V.    CONCLUSION

For the foregoing reasons, Lin's petition for writ of habeas corpus (Doc. 1) is **GRANTED**. The Court **ORDERS** a bond hearing to be held before the undersigned on **THURSDAY JULY 9, 2026 at 9:30 a.m.** in Courtroom #1 of the William J. Nealon Federal Building and United States Courthouse. The Court conditionally appoints the Federal Public Defender's Office to represent Lin for the purposes of the bond hearing, subject to review of a financial affidavit to be completed with the federal public defender.

An appropriate Order follows.

**BY THE COURT:**

Dated: June 17, 2026                    */s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States District Judge**